## EPHRAIM B. PATCH *versus* DAVID LORING.

The owner of a building standing on the defendant's land, mortgaged it in 1830, to the plaintiff, to secure the payment of a note payable in six months, it being stipulated that the mortgager should remain in possession for one year ; and the building was formally delivered to the plaintiff. On the same day, it was again mortgaged by the owner to the defendant ; but it was agreed between them, that the plaintiff's mortgage should have the precedence. Before the expiration of the year, the owner released the building to the defendant, the amount of the plaintiff's claim being deducted from the estimated value of the building, paid by the defendant, and gave up the possession to him, which he still retained ; and it did not appear, that the plaintiff had entered upon the building after the expiration of the year. It was *held,* that the plaintiff could not maintain an action against the defendant for the use and occupation of the building, nor an action for money had and received.

ASSUMPSIT.  The declaration contained counts for use and occupation, and for money had and received, and laid out and expended.

The trial was before *Morton* J.

To support the first count, the plaintiff introduced a mortgage deed from Dana Sherman to the plaintiff, dated November 23, 1830, conveying to him a building situated on the defendant's land, which Sherman was then erecting for the purpose of rolling sheet lead, together with the flume and water wheels, to secure the payment of the sum of $200 with interest in six months, according to the tenor of Sherman's note to the plaintiff of the same date. It was stipulated in the deed, that Sherman should have the use and occupation of the building for the term of one year.

On the same or the next day, the agent of the plaintiff entered the building and the mortgaged property was formally delivered to him by Sherman. Sherman continued to occupy the building according to the stipulation in the mortgage deed, till July 1, 1831, when he left it, and the defendant took posses-

sion of the mortgaged property ; and the defendant had retained possession thereof ever since.

The defendant introduced a mortgage deed of the same property from Sherman to him, of the same date with the mortgage to the plaintiff. It was proved, however, that it was made subsequently to the mortgage to the plaintiff ; and that it was agreed between Sherman and the defendant, that the plaintiff's deed should have precedence. The defendant also introduced in evidence another mortgage from Sherman to him, dated February 23, 1831, of the same and other property, and a release thereof from Sherman to him, dated June 22, 1831.

The amount of the plaintiff's claim was deducted from the estimated value of the property paid by the defendant to Sherman.

It did not appear that the plaintiff ever entered upon the building after the expiration of the year during which Sherman was to remain in possession.

The plaintiff was nonsuited, subject to the opinion of the Court.

*Keyes* and *Buttrick*, for the defendant, cited *Binney* v *Chapman*, 5 Pick. 124 ; *Boston* v. *Binney*, 11 Pick. 1.

*W. W. Fuller*, for the plaintiff.

SHAW C. J. delivered the opinion of the Court. It appears to us quite impossible to maintain this action for use and occupation. The evidence does not show, that the relation of landlord and tenant ever subsisted between the plaintiff and the defendant. There was certainly no express agreement of hiring and letting, and the case does not disclose facts from which such agreement can be implied. The plaintiff took a mortgage of Sherman, on a certain building, erected upon the land of the defendant, as of personal property, before the statute upon the subject of mortgages of personal estate. This was accompanied with a stipulation, that the mortgagee should remain in possession for one year. Subsequently on the same day, Sherman the owner, made another mortgage, on the same building, to the defendant, and afterwards included the same with other personal property in a second mortgage to the defendant ; and still later, for a valuable consideration, the de-

*Jan.* 23*d*,
1836.

*April term*
1836.

fendant took a release and conveyance of the whole property to himself. It does not appear, that after the time limited in the original mortgage, during which Sherman was to remain in possession by the terms of the mortgage, the plaintiff ever entered upon the building, either for the purpose of using it on the defendant's land, or of removing it, if he had a right to do either. It is impossible from these facts to raise an implied promise, on the part of the defendant, to pay the plaintiff for the use of this building. In truth, the building as well as the land were his own, subject only to a mortgage to the plaintiff. It would seem difficult to extend this right, beyond that of removing the building from the defendant's soil.

The claim for money had and received is probably founded in the supposed agreement, arising from the arrangements between Sherman and the defendant, that he the defendant would pay the plaintiff the amount of the debt secured by this mortgage. Whether in point of law here was such constructive priority as would be sufficient to maintain assumpsit, and whether if the facts were proved, they would maintain the action, on the second count, we think there is no occasion to consider, because there is no evidence to establish the fact. The evidence is full, that the conveyance was taken by the defendant, subject to the plaintiff's mortgage, and that the amount of the plaintiff's debt was deducted from the estimated value of the estate as paid by the defendant to Sherman. If therefore Sherman had been compelled to pay his note to the plaintiff, on the personal security, the defendant, in virtue of his agreement, would probably be bound to reimburse and indemnify him. But there seems to be nowhere in these proceedings, any promise or undertaking on the part of the defendant, to pay the plaintiff. The debt of the plaintiff is only alluded to, as constituting a charge or lien upon the property conveyed to the defendant, thereby *pro tanto* diminishing its value. We are therefore of opinion, that the action cannot be maintained upon either count, and that judgment must be entered on the nonsuit.